## Wilson and Wife *versus* Renshaw & Co.

1. In an action against husband and wife for the price of goods, alleged to have been sold to the wife as necessaries, for the use of the family, the husband, in an affidavit of defence, averred that said goods were sold to him, were charged to him on plaintiff's books, the bills rendered to him, and that no claim that they were sold on the wife's separate credit was made until suit brought. The court entered judgment for want of a sufficient affidavit of defence. *Held*, that this was error, and the case should have been submitted to a jury.

2. Undecided, whether the husband's discharge in bankruptcy discharged the wife.

October 8th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term 1879, No. 193.

Assumpsit by Renshaw & Co., against Wesley Wilson and wife, for necessaries alleged to have been sold to the wife for the use of herself and family.

One of plaintiffs, in their affidavit of claim, which was founded on a book account, alleged : " That all the articles appearing in said account are necessaries, and the debt therefor was contracted for the support and maintenance of the family of said Wesley and Lydia M. Wilson, the articles having been ordered for family use ; and deponent further says that, to the best of his knowledge and belief, every article appearing on said bill of items was personally ordered and contracted for by the said Lydia M. Wilson, and he therefore claims that the said Lydia M. Wilson is justly liable, as well as her husband, to the said firm of John A. Renshaw & Co., for the payment of said debt."

Wesley Wilson filed an affidavit of defence, wherein he averred " that all of said goods were sold to this deponent, and were charged to deponent on plaintiffs' books, and that said plaintiffs rendered all their bills to this deponent, and never made any claim until this suit, that they were selling said goods on the credit of the said Lydia M. Wilson."

He further averred that he had been adjudicated a bankrupt and had been discharged from all his debts, including the one in suit, a copy of the certificate of which discharge was included in said affidavit of defence.

The court made absolute a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence when defendants took this writ and assigned this action for error.

*C. C. Taylor* and *Thomas T. Wightman* for plaintiffs in error. —The goods were not purchased by the wife on her separate credit, out on the credit of the husband alone. The plaintiff recognised

[Wilson *v.* Renshaw.]

this fact by charging the goods to the husband alone, and sending him the bills therefor.

The husband pleaded his discharge in bankruptcy in due form. This was conclusive against the right of the plaintiffs to recover a judgment and have execution against him. It follows therefore they cannot bring themselves within the purview of the Act of 1848, and can have no judgment against the wife.

*J. H. Baldwin* for defendants in error.—The bankrupt law was never intended to protect any one except the bankrupt himself.

Chief Justice SHARSWOOD delivered the opinion of the court, October 20th 1879.

It is very manifest that under the affidavit of defence filed in the court below the defendants had a right to a trial by jury. It was an action against husband and wife, for necessaries alleged in the affidavit of claim, to have been contracted for by the wife. The defence sworn to by the husband is, that all the goods were sold to him and charged to him on plaintiffs' books; that the said plaintiffs rendered all their bills to him and never made any claim, until this suit, that they were selling said goods on the credit of the wife. As it is said by our brother STERRETT, in Sawtelle's Appeal, 3 Norris 310, the Act of 1848 "enables the wife to bind her separate estate for necessaries obtained for herself and family, but the very essence of the liability is that they are furnished at her request and on her credit. If not so furnished, her separate estate is not liable:" Berger *v.* Clark, 29 P. F. Smith 340.

Another defence set up in the affidavit is the bankruptcy of the husband. We are asked by the defendants in error to decide whether the wife is thereby discharged from the action. This we decline to decide. The question is a very important one, and this case was put down and argued on the short list, and the defendant has furnished no paper-book. If the plaintiffs fail in giving evidence to prove that the goods were sold to the wife on her credit, that question will not arise. Sufficient unto the day is the evil thereof.

Judgment reversed and *procedendo* awarded.